### EXCISE BOARD OF COAL COUNTY v. HAGAR et al.

No. 21170. Opinion Filed Feb. 23, 1932.

Brunson, Kemp & Ahrens, for plaintiff in error.

E. Moore, for defendants in error.

PER CURIAM. This is an appeal from the judgment of the district court of Coal county, Okla., in favor of M. M. Hagar et al., plaintiffs below, and against the excise board of Coal county, state of Oklahoma, defendant below, rendered on September 14, 1929, wherein and whereby the temporary restraining order was made permanent and the defendant enjoined from making and approving an estimate for the fiscal year 1929 and 1930, including school district No. 38, with union graded school district No. 1 of Coal county, Okla. From said judgment granting injunction, the excise board of Coal county duly perfected appeal to this court.

Plaintiff in error, in compliance with the rules and order of this court, on May 21, 1930, filed brief herein; the defendants in error, and each of them, have wholly failed to file answer brief, pleading, or any other instrument in said cause on appeal, within the time provided by the rules of this court, neither have the defendants in error, nor any of them, offered any excuse for their failure to do so.

"Where plaintiff in error has served and filed its brief in compliance with the rules of this court, and the defendant in error has neither filed a brief nor offered any excuse for his failure to do so, this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, where the authorities cited in the brief filed, appear reasonably to sustain the assignments of error, reverse the cause, with directions, in accordance with the prayer of the petition in error." City National Bank v. Coatney, 122 Okla. 233, 253 P. 481.

In this cause the petition in error prays that the judgment of the trial court be reversed, set aside, and held for naught, and that judgment be rendered in favor of the plaintiff in error and against the defendants in error; and we find upon examination of the authorities cited in the brief filed herein, they reasonably support the contention of the plaintiff in error, and we therefore reverse the judgment of the lower court and direct that it vacate its former judgment and enter judgment in favor of the plaintiff in error as prayed for in the answer filed by the plaintiff in error in the trial court.

Note.—See under (1) 2 R. C. L. 176; R. C. L. Perm. Supp. p. 360.